# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2533
_____

United States of America

*Plaintiff - Appellee*

v.

Valentino James Bagola, also known as Tino

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota
_____

Submitted: September 19, 2023
Filed: January 18, 2024
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

GRASZ, Circuit Judge.

Valentino Bagola is currently serving a life sentence after being convicted by a jury of two counts of first-degree murder in violation of 18 U.S.C. §§ 1111 and 1153. As part of his sentence, Bagola was also required to pay $9,000 in restitution through monthly installment payments during his incarceration. In June 2021, the government filed a motion to release funds, seeking turnover of funds from Bagola's inmate trust account under 18 U.S.C. §§ 3613(a) and 3664(n). Bagola objected,

claiming the funds in question "were received as part of [a] stimulus package granted to United States Citizens. . . . [and] not something that the Government can garnish." The district court[1] granted the government's motion and ordered the Bureau of Prisons to turn over $924.60 from Bagola's trust account for application toward his outstanding restitution obligations. The district court concluded the funds were not exempt under 18 U.S.C. § 3613(a)(1) and there was a valid lien against the funds.

Bagola argues on appeal the district court (1) failed to adequately identify the source of the funds and (2) erred by concluding stimulus payments are the "receipt of substantial resources." Because no dispute exists about the source of the funds and there exists no bar to applying the funds to restitution, we affirm.

We review a district court's order to grant the turnover of funds from an inmate's trust account for abuse of discretion and its statutory interpretation de novo. *See United States v. Robinson*, 44 F.4th 758, 760 (8th Cir. 2022). However, this court applies a plain error standard when reviewing arguments raised for the first time on appeal. *See United States v. Beston*, 43 F.4th 867, 873 (8th Cir. 2022). "Under plain error review, we reverse only if there is '(1) an error, (2) that was plain, (3) affects substantial rights,' and (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Greywind*, No. 21-2658, 2023 WL 142508, at *1 (8th Cir. Jan. 10, 2023) (quoting *United States v. Rush-Richardson*, 574 F.3d 906, 910 (8th Cir. 2009)).

Section 3664(n)'s plain language triggers a mandatory payment requirement for prisoners to satisfy any restitution obligations they still owe if they receive "substantial resources from any source." *Greywind*, 2023 WL 142508, at *2 (quoting 18 U.S.C. § 3664(n)). Typically, the district court first determines the source or composition of trust account funds. *See United States v. Woodring*, 35 F.4th 633, 635 (8th Cir. 2022). However, the source of funds here is not disputed.

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

Bagola admitted the relevant funds were received as part of a federal COVID-related stimulus payment. Unlike the situations in *Woodring* and *United States v. Evans*, 48 F.4th 888, 891–92 (8th Cir. 2022), meaningful appellate review is possible because of this admission. Accordingly, the district court had evidence, coming from Bagola himself, the money was not an exempt accumulation of wages, but was instead money "received as part of [a] stimulus package." *See United States v. Kidd*, 23 F.4th 781, 787–88 (8th Cir. 2022) (noting "substantial resources" do not include the accumulation of funds from prison wages, but windfalls or sudden financial injections that suddenly become available to an inmate as well as other funds may be subject to § 3664(n)). This allowed the district court to consider turnover of the funds under § 3664(n).

Bagola argues, for the first time on appeal, the stimulus payment funds did not constitute the "receipt of substantial resources" under § 3664(n). Specifically, Bagola contends applying stimulus funds to restitution is improper because it was never intended by Congress and threatens prison security by negatively impacting inmate morale. Bagola also appears to challenge whether the amount was "sufficiently substantial."

Generally, "[f]unds held in an inmate trust account are not exempt from enforcement" of a lien, such as a restitution order. *Robinson*, 44 F.4th at 760. Rather, under § 3664(n), money within an inmate trust account will be applied to a defendant's restitution obligations if it qualifies as the receipt of "substantial resources from any source."

Under the circumstances here, the relevant fund amount is substantial. *See Evans*, 48 F.4th at 892 (noting "what constitutes substantial resources is an issue that requires careful, case-specific analysis"). The district court found Bagola had remitted just over $1,800 in approximately seven years since its judgment ordered restitution, roughly $21 per month. Accordingly, an over $900 deposit may be considered substantial relative to Bagola's earlier monthly installment amounts. *See United States v. Carson*, 55 F.4th 1053, 1058 (6th Cir. 2022) (explaining that, when

an inmate otherwise earned "no more than a hundred dollars a month in wages," his receipt of "a few thousand dollars" constituted receipt of substantial resources).

Absent an applicable exemption, "the stimulus payment constituted 'substantial resources from any source . . . during a period of incarceration,' § 3664(n)." *United States v. Stark*, 56 F.4th 1039, 1040–41 (5th Cir. 2023) (alteration in original) (noting "[a] stimulus payment does not qualify for any of th[e Internal Revenue Code levy] exemptions"); *see also United States v. Saemisch*, 70 F.4th 1, 6 (1st Cir. 2023) (noting COVID-related stimulus funds received by the defendant may qualify as "substantial resources" under § 3664(n)); *Evans*, 48 F.4th at 892 (noting this circuit has not decided the issue, but "[t]he few courts to consider the issue have concluded that COVID-19 stimulus payments are the 'receipt of substantial resources' under § 3664(n)"); *United States v. Wade*, 580 F. Supp. 3d 661, 665 (D. Neb. 2022) ("An influx of stimulus funds represents receipt of substantial resources . . . that, under 18 U.S.C. § 3664(n) must be applied to outstanding restitution obligations."); *Poltenson v. United States*, No. 3:23cv479, 2023 WL 7130241, at *4 (D. Conn. Oct. 29, 2023) ("[C]ourts have approved payments from COVID-19 stimulus funds pursuant to [§ 3664(n)].") (citing cases). We also conclude stimulus payments are not statutorily exempt from enforcement of court-ordered restitution. *See United States v. Toole*, No. 21-10651, 2022 WL 503736, at *2 (11th Cir. Feb. 18, 2022) (observing Pub. L. 116-136 § 2201(d) listed "statutes under which a CARES Act rebate may not be reduced or offset, none of which involve restitution payments" and 18 U.S.C. § 3613(a) identifies property exempt from restitution and does not include a defendant's "other income"). "Federal courts have concluded that the Government is entitled to seize COVID-19 stimulus payments deposited in a federal inmate's trust account to apply against the inmate's restitution owed." *United States v. Hayes*, No. 1:01cr075, 2023 WL 2162168, at *2 (S.D. Ohio Feb. 22, 2023) (citing cases). We agree a stimulus payment received may constitute a "substantial resource" and it may be required to apply toward a restitution obligation.

Accordingly, the district court did not commit plain error in determining the funds in Bagola's inmate trust account were substantial resources under § 3664(n) and were subject to turnover. The judgment of the district court is affirmed.

_____